UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:11-cv-00706-JMS-DML |
| | ) | |
| SCOTT A. KUHNS, LENA KEELING, JEREMY | ) | |
| MCKITRICK, AND AMY MCKITRICK, | ) | |
|     *Defendants*. | ) | |

## ORDER

Presently before the Court in this diversity action is Defendants' Motion to Dismiss, [dkt. 28], which the Court **DENIES** for the reasons that follow.

### I.
### BACKGROUND

In October 2010, Defendants Jeremy McKitrick and Amy McKitrick filed suit in state court against Defendants Scott Kuhns and Lena Keeling for construction defects in a residential home built by Mr. Kuhns and Ms. Keeling. [Dkt. 1-22.] In May 2011, Plaintiff Westfield Insurance Company ("Westfield") filed an action in this Court seeking a declaration that it has no duty to indemnify Mr. Kuhns and Ms. Keeling against the McKitricks's lawsuit. [Dkt. 1.]

In their independent Answers to Westfield's Complaint, the Defendants denied Westfield's allegation that this Court has subject matter jurisdiction over the matter. [Dkt. 17 at 2 ¶ 8; 24 at 1 ¶ 8.] Following informal attempts to resolve the jurisdictional dispute, Mr. Kuhns and Ms. Keeling have now filed a Motion to Dismiss for lack of subject-matter jurisdiction, challenging Westfield's jurisdictional allegations regarding both its citizenship and the amount in controversy. [Dkt. 28.]

1

## II.
### DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction. Subject-matter jurisdiction based on diversity exists in suits between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (a)(1). The Court will review the diversity of citizenship and amount in controversy requirements in turn.

### A.  Diversity of Citizenship

Defendants first challenge Westfield's assertion of jurisdiction on the grounds that complete diversity of citizenship has not been sufficiently established. [Dkt. 28 at 7.] Specifically, they challenge Westfield's allegation that its citizenship rests in Ohio. [*Id*. at 8.]

Allegations invoking the Court's jurisdiction under § 1332 must identify the citizenship of each party to the litigation. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 ("[The] naked declaration that there is a diversity of citizenship is never sufficient."). For purposes of jurisdiction, a natural person's state of citizenship is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). To establish the citizenship of a corporation, jurisdictional allegations must identify both the state of incorporation and the state in which the corporation has its principal place of business. *Thomas*, 487 F.3d at 533 (internal citations omitted). Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject-matter jurisdiction of a federal court. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). For complete diversity of citizenship to exist, no party may share citizenship with any of the parties on the other side of the litigation. *Singletary v. Continental Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993).

Here, Defendants all claim Indiana citizenship, [dkts. 1 at 1 ¶¶ 2-5; 17 at 1-2 ¶¶ 2-5], and Westfield properly pleaded in its Complaint that it was an Ohio corporation with its principal place of business, or nerve center, in Westfield, Ohio. [Dkt. 1 at 1 ¶ 1.] Following Mr. Kuhns's and Ms. Keeling's challenges to its citizenship, Westfield offered affidavits from both Stephen P. St. Clair, a claims specialist with "personal knowledge" that "Westfield is an Ohio corporation with its principal place of business and nerve center in Westfield, Ohio," [*id*. at 3; dkt. 26-1 at 1, ¶¶ 1-3], and Frank Carrino, an attorney and officer of Westfield who confirmed the same jurisdictional allegations, [dkts. 32 at 3; 32-1 at 1 ¶¶ 1-4].

While Mr. Kuhns and Ms. Keeling may be correct to point out that "the easiest method of substantiating the location of a corporation's nerve center would be to produce a copy of its Articles of Incorporation," [dkt. 28 at 8], they are mistaken to imply that it is the only satisfactory method of substantiation. Westfield's jurisdictional allegations are backed by those with personal knowledge, and that backing is all the Court requires for purposes of establishing jurisdiction. *America's Best Inns, Inc.,* 980 F.2d at 1074. The Court therefore finds that Westfield's Complaint and subsequent affidavits are sufficient to establish the state of its corporation and principal place of business, especially in the absence of any evidence from Mr. Kuhns and Ms. Keeling challenging the veracity of these assertions.

Because Westfield has sufficiently demonstrated that its citizenship is in Ohio, and it is uncontested that Defendants are all Indiana citizens, [dkts. 1 at 1 ¶¶ 2-5; 17 at 1-2 ¶¶ 2-5], the Court concludes that complete diversity of citizenship exists. *See Singletary*, 9 F.3d at 1238 (explaining that complete diversity of citizenship means "no citizens of the same state on both sides of the litigation") (internal citations and quotation marks omitted).

### B.  Amount in Controversy

Besides challenging Westfield's citizenship, Mr. Kuhns and Ms. Keeling also challenge Westfield's allegation that the amount in controversy exceeds $75,000.  [Dkt. 28 at 3.]  While Westfield maintains the amount in controversy is at least $125,000 based on the allegations in the McKitricks's underlying state court complaint, [dkt. 32 at 6], Mr. Kuhn and Ms. Keeling contest the competency this proof, [dkt. 28 at 5-6].

The proponent of jurisdiction bears the burden of showing by a preponderance of the evidence that the amount in controversy requirement is met.  *Oshana v. Coca-Cola, Co.*, 472 F.3d 506, 510 (7th Cir. 2006).  The Seventh Circuit has defined the amount in controversy as "the amount required to satisfy the plaintiff's demands in full" as of the time the Court's jurisdiction is invoked.  *Id*.  Courts generally "will accept the plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (internal citations and quotation marks omitted).  Should the defendant contest the plaintiff's allegation of the amount in controversy, the plaintiff must support the allegation with "competent proof."  *Id*.  Once the plaintiff has offered such proof, "uncertainty about … whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal."  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543.  The case may only be dismissed if it is "legally certain" that the recovery will be less than the jurisdictional floor.  *Id*.

Because Westfield is seeking declaratory judgment that it has no duty under its insurance policies to defend and indemnify Mr. Kuhns and Ms. Keeling against the McKitricks's lawsuit, the amount in controversy includes its potential outlay for indemnity.  *Meridian*, 441 F.3d at 539.

An insurance company's potential outlay for indemnity can be established, among other ways, through the underlying complaint filed against its insured. *Id*. at 541-542.

Westfield alleged in its Complaint that, based on the alleged damages in the McKitricks's state-court complaint against Mr. Kuhns and Ms. Keeling, its potential outlay for indemnity exceeded $75,000. [Dkt. 1 at 2 ¶ 7.] Following Mr. Kuhns's and Ms. Keeling's challenge to the amount in controversy, Westfield bore the additional burden of providing competent proof of its jurisdictional allegation. *McMillian*, 567 F.3d at 844. Accordingly, Westfield offered as evidence the McKitricks's allegation in their state-court complaint that their damages were estimated by a construction expert "to cost a minimum of $125,000.00." [Dkt. 1-22 at 3 ¶ 31; 32 at 6.] By doing so, Westfield successfully met its burden of providing competent proof that the amount in controversy exceeded $75,000, exclusive of interest and costs. *See Meridian*, 441 F.3d at 541-542 (holding that "calculation[s] from [a] complaint's allegations or "reference to … informal estimates" are competent proof of the amount in controversy).

While Mr. Kuhns and Ms. Keeling argue that "uncertainty exists as to what extent [the McKitricks's] damages may be assessed against Kuhns and Keeling," such uncertainty does not justify a dismissal. *Id.* at 543 ("[U]ncertainty about … whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal."). In light of the McKitricks's state-court complaint and the estimate supporting their allegation of damages, [dkt. 1-22 at 3 ¶ 31; 1-23 at 8], and without any evidence rebutting the allegation, it cannot be said with legal certainty that Westfield's potential outlay for indemnity does not exceed $75,000. Accordingly, the Court finds that the Westfield has established that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* ("Only if it is legally certain that the recovery … will be less than the jurisdictional floor may the case be dismissed.").

## III.
### CONCLUSION

Plaintiff Westfield Insurance Company has sufficiently demonstrated both that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of costs and interest, exceeds $75,000. Therefore, the Court **DENIES** Defendants' Motion to Dismiss. [Dkt. 28.]

11/30/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Matthew M. Cree
VAN VALER LAW FIRM, LLP
matthew@vanvalerlaw.com

Mark Alan McCann
Nice & McCann
mmccann@nicelawfirm.com

Joshua Paul McMahan
Nice & McCann
jmcmahan@nicelawfirm.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD, P.C.
msmith@smithfisher.com

Thomas W. Vander Luitgaren
VAN VALER LAW
tom@vanvalerlaw.com

Freedom Daniel Villa
SMITH FISHER MAAS & HOWARD P.C.
fmiller@smithfisher.com